UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:18-cv-3788 |
| ) | |
| $50,000.00 UNITED STATES CURRENCY ) | |
| (Asset Identification No.: 17-CBP-000241); and ) | |
| $50,000.00 UNITED STATES CURRENCY ) | |
| (Asset Identification No.: 17-CBP-000301), ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Eric P. Babbs, Special Assistant United States Attorney, alleges on information and belief as follows:

**NATURE OF THE ACTION**

1. This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the defendant property constitutes proceeds of, or is property used to facilitate a violation of, the Controlled Substances Act.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in the district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana.

## DEFENDANTS

5. The defendants are:

- Fifty Thousand Dollars in United States Currency ("$50,000.00-01"), seized on January 6, 2017, from a FedEx package bearing tracking number 785232354659 ("Defendant 4659"). Defendant 4659 was taken into custody of the United States Department of Homeland Security, Customs and Border Protection ("DHS-CBP"). Defendant 4659 has been assigned Asset Identification Number 17-CBP-000241.

- Fifty Thousand Dollars in United States Currency ("$50,000.00-02"), seized on January 6, 2017, from a FedEx package bearing tracking number 785232381505 ("Defendant 1505"). Defendant 1505 was taken into custody of DHS-CBP. Defendant 1505 has been assigned Asset Identification Number 17-CBP-000301.

Defendant 4659 and Defendant 1505 are consolidated in this Complaint because the package interdiction seizures are factually interrelated and the packages were sent by the same individual on the same date.

## FACTS

6. On January 6, 2017, officers from the Homeland Security Investigations Parcel/Bulk Cash Smuggling Interdiction Task Force ("the Task Force"), comprised of the Indiana State Police ("ISP"), Indianapolis Metropolitan Police Department ("IMPD") and United States Customs and Border Protection Officers ("CBPO") conducted a bulk currency interdiction operation at a local parcel shipping company hub in Indianapolis.

7. Narcotics traffickers have increasingly used mail delivery services, especially overnight delivery services, to transfer illegal narcotics and payment for those narcotics throughout the country. Narcotics traffickers know that packages sent by these delivery services

are protected from inspection without a search warrant. Traffickers know that they can track parcels, control dispatch times and locations, and have a guarantee of delivery in one or more business days by using overnight or priority delivery. They know that any delay may indicate a compromised parcel.

8. Parcels may be identified by law enforcement as suspicious when they meet several characteristics that have been identified through experience and training as those indicating use of the mail delivery services by narcotics traffickers. For instance, a parcel may be mailed overnight to a state known to be a source for the importation of controlled substances. Legitimate overnight parcels are typically sent by a business to a business, not generally from one individual to another. Typically, individuals do not send packages by the more expensive overnight delivery service.

9. Individuals involved in the trafficking of controlled substances and using parcels to conceal controlled substances and proceeds of their trafficking activity often pay cash for the shipping of the parcel to minimize detection of their identities. They also seek to limit the contact information or provide false information on the labels, and labels are often missing a full name and/or do not provide a telephone number. Further, the label may be handwritten and/or not list a business account number.

10. Parcels containing controlled substances or proceeds of controlled substance trafficking activity will commonly be disguised to look like normal parcels, will be packaged to blend in with other parcels, and will commonly have the controlled substance or proceeds packaged in a manner to avoid detection by a canine trained to detect the odor of controlled substances. For example, traffickers will often seal the parcel with excessive tape to prevent the odor of controlled substances from leaking from the parcel. Inside of the parcel, or attached to

the controlled substances, traffickers will commonly include air fresheners, dryer sheets, axle grease, or other items to prevent detection by an canine trained to detect the odor of controlled substances.

11. Traffickers also rarely include any type of instruction with the proceeds. Legitimate businesses or personal gifts contain notes, letters, receipts, cards or coupons along with the cash or monetary instruments. Narcotics traffickers are known to use low denomination currency to conduct their business. Law enforcement have found, in most cases, narcotics payments have been primarily in twenty-dollar denominations.

**A.     Defendant $50,000.00-01**

12. On or about January 6, 2017, during a routine outbound parcel interdiction operation, a package being shipped by parcel service with a shipping label attached reflecting a tracking number of 7852 3235 4659 ("Package 4659"), was identified as suspicious. Package 4659 was addressed to North Coast Steel, 930 Shilo Rd., Building 40, Ste 7, Windsor, CA 95492, TX# (111)111-1111, from Amber McDonald, 6700 Alexander Bell Dr., Ste 200, Columbia, MD 21046, TX# (410) 299-7813.

13. The on-site officers observed the following suspicious indicators on this package: Package 4659 had a printed label that showed standard overnight delivery, the shipping cost had been paid in cash, the label was missing CAD information, the telephone number for the recipient in California was "(111) 111-1111," and no signature was required by the receiver upon delivery. Additionally, Package 4659 drew attention because it was heavily taped on the seams. Further, Package 4659 was being shipped from a rental office to a California business. An internet search did not reveal any association between the business name and the business address. California is known by law enforcement as a source for illegal controlled substances.

14. Based on these indicators, the Task Force asked IMPD to dispatch a narcotics detecting canine to the shipping hub. A certified drug detection canine inspected Package 4659, along with other packages. The canine had over five years of service as a narcotics detection canine, and the IMPD officer and the canine were certified yearly by the American Working Dogs Association as a narcotics detection team. The canine had been trained and certified in the detection, by odor, of marijuana, cocaine, crack cocaine, heroin, and methamphetamine. Upon examination of the packages, the canine gave a positive indication for the presence of the odor of a controlled substance on Package 4659.

15. Following the canine alert, law enforcement applied for a search warrant, which was duly issued by Marion County Superior Court. The officers executed the warrant to open Package 4659. Inside the package, the officers found a newly purchased box that had been heavily taped along the seams of the box. Inside the box, officers found a backpack wrapped in gift wrap, and other miscellaneous items wrapped in bubble wrap. Inside the backpack, officers found a Velcro-sealed and lead-lined bag. Contained inside the lead-lined bag were rubber-banded stacks of United States Currency, totaling $50,000.00. The Currency consisted of 67 $100 bills, 17 $50 bills, 2,069 $20 bills, 61 $10 bills, 92 $5 bills, and no $1 bills. No note, instructions, or other documents were included with the Currency.






16.     After the package was opened, the certified drug detection canine inspected the contents of the package and again alerted to a positive indication for the presence of the odor of a controlled substance. Believing the money constituted proceeds of, and/or was property used to facilitate, violations of the Controlled Substances Act, the $50,000.00 was seized and taken into custody by ISP.

17.     On January 6, 2017, the Currency contained in Package 4659 was converted to a cashier's check for $50,000.00. On January 20, 2017, the State of Indiana filed its Motion to

Transfer Seized Property to the appropriate federal authority for forfeiture.  *See* Marion County Superior Court, Civil Division, Docket 49D01-1701-MI-003011.  Both McDonald and North Coast Steel were given notice of the proceedings at the addresses indicated on Package 4659, however, neither responded to the motion.  *Id.*  On June 13, 2017, the Marion County Superior Court, Civil Division, issued its Order Transferring Property to be subject to forfeiture under the appropriate federal statutes.  *Id.*  Defendant $50,000.00-01 was transferred to the United States Immigration and Customs Enforcement, Homeland Security Investigations ("ICE-HSI"), which subsequently transferred Defendant $50,000.00-01 to DHS-CBP.

18. DHS-CBP forwarded the seizure of Defendant $50,000.00-01 to the United States Attorney's Office for judicial forfeiture.

**B.    Defendant $50,000.00-02**

19. On or about January 6, 2017, during a routine outbound parcel interdiction operation, a package being shipped by parcel service with a shipping label attached reflecting a tracking number of 7852 3238 1505 ("Package 1505"), was identified as suspicious.  Package 1505 was addressed to Jenny Ringrose, 11410 Peaks Pike Rd., Sebastopol, CA 95472, TX# (410) 299-7813, from Amber McDonald, 6700 Alexander Bell Dr., Ste 200, Columbia, MD 21046, TX# (410) 299-7813.

20. The on-site officers observed the following suspicious indicators on the package: Package 1505 had a printed label that showed standard overnight delivery, the shipping cost had been paid in cash, the label was missing CAD information, and no signature was required by the receiver upon delivery.  Package 1505 also drew attention because it was heavily taped on the seams.  Additionally, Package 1505 was being shipped from a rental office, with no business name indicated, to a non-business California address.  California is known by law enforcement to

7

be a source for illegal controlled substances.

21. Package 1505 listed the same phone number for the sender and the recipient. Further still, the sender, Amber McDonald, was identified as a suspect sender from a previous shipment, now Defendant $50,000.00-01.

22. Based on those suspicions, law enforcement asked IMPD to dispatch a narcotics detection canine to the shipping hub. A certified drug detection canine inspected Package 1505, along with other packages. The canine had over five years of service as a narcotics detection canine, and the IMPD officer and the canine were certified yearly by the American Working Dogs Association as a narcotics detection team. The canine had been trained and certified in the detection, by odor, of marijuana, cocaine, crack cocaine, heroin, and methamphetamine. Upon examination of the packages, the canine gave a positive indication for the presence of the odor of a controlled substance on Package 1505.

23. Following the canine's alert, law enforcement applied for a search warrant for Package 1505, which was duly issued by Marion County Superior Court. The officers executed the warrant to open Package 1505. Inside the package, the officers found a newly purchased box that had been heavily taped along the seams. Inside the box, officers found a backpack wrapped in what appeared to be the same gift wrap seen in Package 4659, and other miscellaneous items. Inside the backpack, officers found a Velcro-sealed and lead-lined bag. Contained inside the lead-lined bag were rubber-banded stacks of United States Currency, totaling $50,000.00.

24. The Currency consisted of 83 $100 bills, 81 $50 bills, 1,699 $20 bills, 319 $10 bills, 96 $5 bills, and no $1 bills. No notes, instructions, or other documents were included with the Currency.







25. After the package was opened, the certified drug detection canine inspected the contents of the package and again alerted to a positive indication for the presence of the odor of a controlled substance. Believing the money constituted proceeds of, and/or was property used to

9

facilitate, violations of the Controlled Substances Act, the $50,000.00 was seized and taken into custody by ISP.

26. On January 6, 2017, the Currency contained in Package 1505 was converted to a cashier's check for $50,000.00. On January 20, 2017, the State of Indiana filed its Motion to Transfer Seized Property to the appropriate federal authority for forfeiture. *See* Marion County Superior Court, Civil Division, Docket 49D01-1701-MI-003015. Both McDonald and Ringrose were given notice of the proceedings at the addresses indicated on Package 1505, however, neither responded to the motion. *Id.* On June 13, 2017, the Marion County Superior Court, Civil Division, issued its Order Transferring Property to be subject to forfeiture under the appropriate federal statutes. *Id.* Defendant $50,000.00-02 was transferred to the United States Immigration and Customs Enforcement, Homeland Security Investigations ("ICE-HSI"), which subsequently transferred Defendant $50,000.00-02 to DHS-CBP.

27. DHS-CBP forwarded the seizure of Defendant $50,000.00-02 to the United States Attorney's Office for judicial forfeiture.

C. **Facts Common to Both Defendants**

28. Defendant $50,000.00-01 and Defendant $50,000.00-02 were packaged in a substantially similar manner and were mailed via Federal Express on the same day by the same sender.

29. It is against Federal Express policy, as stated on its website, to ship cash via Federal Express. *See* Federal Express Rule, FXF 100 Rules Tariff.

30. North Coast Steel was the named recipient on Package 4659. North Coast Steel is a California corporation whose filing with the California Secretary of State names John Coleman

("Coleman") as Chief Executive Officer ("CEO") and Chief Financial Officer ("CFO") and names Jenny Ringrose as Secretary. Jenny Ringrose is the named recipient on Package 1505.

31. Coleman has a criminal history that includes a felony conviction for dealing, transporting, and/or possessing controlled substances.

32. Amber McDonald was the named sender on both Package 4659 and Package 1505, using the same rental office address. A database search of the sender address, 6700 Alexander Bell Dr. Suite 200, Columbia, MD 21046, did not reveal any association with the name Amber McDonald. Analysis of the fingerprints found on the packages and the currency confirmed that the fingerprints on both Package 4659 and Package 1505 belonged to Amber Leone McDonald.

33. A background investigation of Amber Leone McDonald was conducted. The investigation indicated that, on April 4, 2012, $83,840.00 in United States Currency was seized from Amber Leone a/k/a Amber McDonald and was judicially forfeited on October 3, 2012, as proceeds or currency used to facilitate drug trafficking in violation of the Controlled Substances Act. *See United States v. $83,840*, Cause No. 1:12-cv-05890, United States District Court for the Northern District of Illinois.

34. Specifically, on April 4, 2012, Amber Leone (McDonald) was detained at Amtrak's Chicago, Illinois Union Station after a large amount of United States Currency was found in her carry-on luggage. During the investigation, Leone admitted that she was being paid $1,000.00 to transport the $83,840.00 to California at the request of individuals whom she would not name. A certified narcotics detection canine positively alerted to the presence of narcotic odor on Leone's roller suitcase that contained the currency. Following the investigation and Leone's signing of a Voluntary Disclaimer of Interest and Ownership, the Currency was seized,

and the Federal Government ultimately initiated a judicial forfeiture of the Currency with a Default Decree of Forfeiture entered on October 3, 2012, for the $83,840.00 seized from Amber Leone (McDonald).

## PERTINENT STATUTES

35. Under 21 U.S.C. § 841(a)(1)-(2), it is unlawful for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance.

36. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

37. As shown above, the facts supporting forfeiture include positive alerts by a certified drug detection canine to both packages and their contents, the unusual manner in which such a large amount of cash was shipped, in violation of Federal Express policy, without any note or invoice to explain the purpose of the shipment, the criminal history of the CEO/CFO of North Coast Steel, and a previous seizure of drug money supported by probable cause from the individual sending both packages.

## CLAIM FOR RELIEF

38. Based on the factual allegations set forth above, Defendant $50,000.00-01 and Defendant $50,000.00-02 are "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*]," and are therefore subject to forfeiture to the United States of

America pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the defendant property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States for disposition according to law; and the United States be granted any just and proper relief.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney

By:   *s/Eric P. Babbs*
       Eric P. Babbs
       Special Assistant United States Attorney
       Office of the United States Attorney
       10 W. Market St., Suite 2100
       Indianapolis, Indiana 46204-3048
       Telephone: (317) 226-6333
       Fax: (317) 226-5027

## VERIFICATION

I, David Victor, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 11/29/18

David Victor
Special Agent, HSI

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cv-3788 |
| | ) | |
| $50,000.00 UNITED STATES CURRENCY | ) | |
| (Asset Identification No.: 17-CBP-000241); and | ) | |
| $50,000.00 UNITED STATES CURRENCY | ) | |
| (Asset Identification No.: 17-CBP-000301), | ) | |
| | ) | |
| Defendants. | ) | |

WARRANT FOR ARREST OF PROPERTY

TO:   ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 3rd day of December, 2018, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against Fifty thousand dollars in United States Currency ("$50,000.00") and Fifty thousand dollars in United States Currency ("$50,000.00"), defendants herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant funds into the possession of the United States of America, to be detained in the possession of the United States or its designee until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

_____
Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(I) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.